UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIE C. GRAY (#19473-078), Plaintiff | CIVIL ACTION NO. 1:16-CV-1275-P |
| VERSUS | CHIEF JUDGE DRELL |
| M. D. CARVAJAL, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Pro se Plaintiff Willie C. Gray ("Gray") filed suit under the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1] Gray was granted leave to proceed *in forma pauperis*. (Doc. 8). Gray is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Gray complains that he received inadequate dental care in violation of the Constitution and the FTCA. Gray names as defendants the United States of America, Dental Hygienist Jessica Johnson, Warden M. D. Carvajal, Medical Administrator John Doe, and Assistant Administrator John Doe.

I. Background

Gray alleges that, on March 13, 2015, he went to a dental appointment to have his teeth cleaned by Defendant Johnson. (Doc. 5, p. 3). While Defendant Johnson was

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

using the "saliva ejector," the ejector was caught on Gray's uvula. Gray alleges that Defendant Johnson attempted to remove the ejector by pulling it, which caused excruciating pain. (Doc. 5, p. 3).

After the dental cleaning, Gray reported to the medical department, where he was told that the irritation was minor and would heal on its own. (Doc. 5, p. 3). Gray returned to the medical department on March 16, 2016. Upon examination, it was determined that Gray's uvula was so damaged, a uvulectomy was required. (Doc. 5, p. 3). Gray underwent the surgical procedure on July 29, 2015. (Doc. 5, p. 4).

II. Law and Analysis

    A. Jurisdiction under the FTCA.

The FTCA contains an exhaustion provision, which is jurisdictional.[2] Before filing suit under the FTCA, a plaintiff must fully exhaust all administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993); Price v. United States, 81 F.3d 520, 521 (5th Cir. 1996). Because this requirement is jurisdictional in nature, the requirement to file a claim with the appropriate agency cannot be waived. See Gregory v. Mitchell, 634 F.2d 199, 204 (5th Cir. 1981).

In order to determine whether this Court has jurisdiction over Plaintiff's FTCA claim, Plaintiff should provide evidence of exhaustion under the FTCA. That is,

---

[2] 28 U.S.C. § 2676(a) provides in part: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

Plaintiff should provide documents establishing that he provided a tort claim to the BOP with written notification of the injury and a monetary demand. He should also provide copies of all responses received.

### B. Statute of limitations under Bivens.

Gray seeks recovery under Bivens. The statute of limitations for a Bivens action is borrowed from state law. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code Ann. art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983).

Federal law determines when a Bivens cause of action accrues. See United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999). Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

According to the complaint, Gray knew of the injury on March 16, 2015, when it was determine that surgical intervention was required. Gray had one year from that date, or until March 16, 2016, within which to file suit under Bivens. However, equitable tolling may apply to cases filed under Bivens, for the time spent properly

3

exhausting BOP administrative remedies. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002). Gray has not provided whether he filed and exhausted his administrative remedies with the BOP separate and apart from his federal tort claim.

Therefore, Gray is instructed to amend his complaint to state whether he filed administrative remedies with the BOP for the alleged constitutional violation. If he did pursue administrative remedies with the BOP, Gray should provide copies of the grievances and responses at each level to show that he is entitled to tolling of the prescriptive period.

III. Conclusion

**IT IS ORDERED** that Gray amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __10th__ day of November, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge