UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIE C. GRAY (#19473-078), Plaintiff | CIVIL ACTION NO. 1:16-CV-1275-P |
| VERSUS | CHIEF JUDGE DRELL |
| M. D. CARVAJAL, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Pro se Plaintiff Willie C. Gray ("Gray") filed suit under the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1] Gray was granted leave to proceed *in forma pauperis*. (Doc. 8). At the time of filing, Gray was an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI Pollock"). Gray has since been released. (Doc. 11). Gray complains that he received inadequate dental care at FCI Pollock in violation of the United States Constitution and the FTCA. Gray names as defendants Dental Hygienist Jessica Johnson, Warden M.D. Carvajal, Medical Administrator John Doe, and Assistant Administrator John Doe.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I.  Background

Gray alleges that his teeth were cleaned by Defendant Johnson at a routine dental appointment. (Doc. 5, p. 3). While Defendant Johnson was using the "saliva ejector," the ejector was caught on Gray's uvula.  Gray alleges that Defendant Johnson attempted to remove the ejector by pulling it, which caused excruciating pain. (Doc. 5, p. 3).

After the dental cleaning, Gray reported to the medical department, where he was told that the irritation was minor and would heal on its own. (Doc. 5, p. 3). Gray returned to the medical department on March 16, 2016. Gray alleges that a uvulectomy was required due to the damage caused by Defendant Johnson. (Doc. 5, p. 3).  Gray underwent the surgical procedure on July 29, 2015. (Doc. 5, p. 4).

II.  Law and Analysis

   A.  Gray's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Gray is a federal inmate who has been allowed to proceed *in forma pauperis*. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Gray's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Gray's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B.    Gray fails to allege deliberate indifference by Defendants.

In Bivens, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. A Bivens action is analogous to an action under § 1983, but applies to constitutional violations by federal officials rather than state officials. See Abate v. Southern Pac. Transp. Co., 993 F.2d 107, 110 n. 14 (5th Cir. 1993).

Gray alleges that Defendants have violated his constitutional rights under the Eighth Amendment. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). The Farmer Court defined the test for "deliberate indifference" as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Gray alleges that "Defendant Jessica Johnson knew that by pulling the saliva ejector while it is [sic] stuck to Plaintiff's uvula would stretch his uvula out of place and cause serious harm to him." (Doc. 5, p. 5). Gray's allegation that Defendant Johnson intentionally mistreated Gray is conclusory. Gray provides no factual allegations in support of his claim of deliberate indifference. Defendant Johnson's actions, as Gray states in the administrative grievance, present a claim of "negligence or medical malpractice" rather than a deliberate mistreatment. (Doc. 10, pp. 5, 10). Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

To the extent that Gray seeks to hold the warden and the medical administrator liable as Defendant Johnson's supervisors, his claim fails. Supervisors may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977

4

F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Gray has not presented allegations of affirmative participation or the implementation of unconstitutional policies by Warden Carvajal or the medical administrator. Thus, there are no allegations that would support liability of either defendant.

  C. Gray's FTCA claim is timely and exhausted.

Gray seeks monetary damages for negligence under the Federal Tort Claims Act, 28 U.S.C. § 2672 ("FTCA"). The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b); Berkovitz by Berkovitz v. United States, 486 U.S. 531, 535 (1988). The United States, and not the responsible agency or employee, is the proper party defendant in a suit under the FTCA. See Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988).

Gray presented an administrative tort claim through the Bureau of Prisons, which was denied on March 21, 2016. (Doc. 10, pp. 2-4). Gray filed suit within six months of the denial of his claim, as required under the FTCA. 28 U.S.C.A. § 2401. Because the United States is the proper party defendant in an FTCA suit, the United States should be added as a defendant in this case.

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Gray's Bivens claim be DENIED and DISMISSED with prejudice against all defendants, and that the United States be added as the sole defendant for Gray's FTCA claim, which will be served pursuant to a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __7th__ day of December, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge